UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

Terencio Campos, Angelo Demello & Cynthia Demello,

              Plaintiffs,

vs.

BASF Catalysts, LLC,

              Defendant.

------------------------------------------------------------------x

**JUDGE KARAS**

**COMPLAINT**

**07 CIV. 7068**

By and through their counsel, Michael H. Sussman, plaintiffs complain of defendant as follows:

## I. PARTIES

1. Plaintiff Terencio Campos is an East Asian Indian who resides in this judicial district.

2. Plaintiff Angelo Demello is an East Asian Indian who resides in this judicial district.

3. Plaintiff Cynthia Demello is an East Asian Indian who resides in this judicial district.

4. Defendant BASF Catalysts, LLC is a company which employs more than 20 persons and operates within this judicial district.

5. As relevant herein, defendant employed and then terminated each plaintiff, as more fully set forth below.

## II. JURISDICTION

6. As plaintiffs contend that the defendant took various adverse employment actions against them on the basis of their race, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. sec. 1981, as amended.

7.  As plaintiffs have all timely filed EEOC complaints alleging that defendant acted against them on various discriminatory grounds and have received right to sue letters within the past 90 days, this Court also has jurisdiction over this matter pursuant to 42 U.S.C. sec. 2000e-5, et seq.

III.  **FACTUAL AVERMENTS**

8.  Plaintiff Campos was hired by a predecessor of defendant's on August 16, 1994.

9.  Defendant's predecessor hired plaintiff Campos as a Chemical Operator.

10.  Plaintiff always well performed his duties and responsibilities.

11.  In or about April 2005, plaintiff Campos was diagnosed with a cervical spine injury which caused him to exhaust his sick leave time and make use of the Family Medical Leave Act.

12.  On or about February 4, 2007, plaintiff Campos was working on a screw conveyer and the machine jammed.

13.  Plaintiff Campos notified his supervisor who told him to prepare his work area for maintenance.

14.  Plaintiff Campos complied with this direction.

15.  Through its agents, defendant then accused plaintiff Campos of putting a rod into the screw conveyor.

16.  Allegedly on this false basis, defendant terminated plaintiff Campos.

17.  Plaintiff Campos observed the company treat Caucasians in a much superior manner than it did minority workers, including him and his two co-plaintiffs.

18.  During the last three years, plaintiff Campos has been subjected to repeated incidents of racial name calling and racial harassment, but upon reporting the same, management took no

effectual action.

18A. By dint of defendant's intentionally discriminatory conduct, based on his race, national origin and disability, plaintiff has suffered pecuniary and non-pecuniary loss.

19. Plaintiff Angelo Demello was employed by a predecessor to defendant in 1989 as a Chemical Operator at its Peekskill facility.

20. After BASF Corporation purchased Engelhard Corp., plaintiff continued his employment as a Maintenance Storeroom Attendant in Peekskill.

21. On August 30, 2006, claiming that plaintiff Angelo Demello had breached the collective bargaining agreement by taking excessively long lunch breaks and extending his two daily paid 15 minute breaks, defendant terminated him.

22. Upon arbitration of the termination, defendant was required to re-employ plaintiff Angelo Demello and it did reinstate plaintiff Demello on June 11, 2007.

23. Defendant's grounds provided for terminating plaintiff Angelo Demello in August 2006 were pretextual, masking discriminatory intent.

24. Specifically, while knowing that many times plaintiff returned "late" from breaks because he was on company business, the defendant sought to portray plaintiff Angelo Demello as late to return from break on 94 occasions during a two and one-half month period in 2006.

25. Likewise, though apprised that plaintiff Angelo Demello left the premises during his lunch hour on August 17, 2006 for medical reasons, defendant sought to portray this as cause for termination, a position categorically rejected by the arbitrator.

26. By terminating his employment on pretextual and fabricated grounds, defendant willfully discriminated against plaintiff Angelo Demello on the basis of his race and national

origin.

27.  Said termination caused plaintiff Angelo Demello substantial pecuniary and non-pecuniary damages.

28.  Plaintiff Cynthia Demello was also hired by a predecessor of defendant's in or about July 1989.

29.  Plaintiff Cynthia Demello worked as a chemical operator for 18 years and, like her husband, Angelo, had no disciplinary or performance issues until 2006-07.

30.  In early 2007, a white manager changed a valve setting in a tank for which plaintiff Cynthia Demello was responsible from automatic to manual setting.

31.  This manager, Jurka, had no reason to touch this valve, let alone change its setting.

32.  Because of Jurka's action, the tank spilled chemicals.

33.  On this basis, the defendant suspended *plaintiff Cynthia Demello*, but not her white superior who actually changed the valve setting, for six weeks.

34.  In fact, defendant gave Jurka no sanction.

35.  In June 2007, defendant fired plaintiff Cynthia Demello for the alleged misoperation of a machine, a charge she entirely denies as false.

36.  By dint of her termination, following an unpaid suspension, plaintiff Cynthia Demello has suffered both pecuniary and non-pecuniary damages for which she is entitled to relief.

37.  Defendant has a policy and practice of punishing minority workers, including these plaintiffs, more harshly than white workers who commit similar or more serious offenses.

38.  Defendant has no effective internal policy for those seeking redress from

discrimination based upon color or race or national origin.

39.  Defendant has acted and omitted toward these plaintiffs in a willful and knowingly discriminatory manner.

IV.  **CAUSES OF ACTION**

40.  Plaintiffs incorporate paras. 1-39 as if fully set forth herein.

41.  By terminating each plaintiff, defendant discriminated against each in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. sec. 1981, as amended.

42.  By terminating plaintiff Campos, defendant also violated the Americans with Disabilities Act.

43.  By subjecting each plaintiff to differential terms and conditions of employment on the basis of national origin and race, defendants violated 42 U.S.C. sec. 2000e-5 and 1981 as amended.

WHEREFORE, plaintiffs pray that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide all issues within its ambit;

c) award to plaintiffs and against defendant compensatory and punitive damages as permitted by law;

d) order plaintiff to reinstate plaintiffs Campos and Cynthia Demello with back pay and benefits, including restored seniority and pension benefits, with pre and post-judgment interest;

e) order defendants to pay plaintiffs the attorneys fees and costs arising out of this action and

f) enter any other order required by the interests of justice and/or equity.

Respectfully submitted,

Page -5-



MICHAEL H. SUSSMAN [3497]

COUNSEL FOR PLAINTIFFS

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991