DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
TERENCIO CAMPOS,                              :
ANGELO DEMELLO         &                      :       Civil Action No: 07-CV-7068 (KMK)
CYNTHIA DEMELLO,                              :
                                              :
        Plaintiffs,                           :       **Document Filed Electronically**
    vs.                                       :
                                              :
BASF CATALYSTS, LLC,                          :
                                              :       **ANSWER**
        Defendant.                            :
------------------------------------------------------X

Defendant BASF Catalysts, LLC, a limited liability company organized under the laws of the State of Delaware, having a place of business in Peekskill, New York, by way of an Answer to the Complaint (the "Complaint") of plaintiffs Terencio Campos ("Mr. Campos"), Angelo Demello ("Mr. Demello") and Cynthia Demello ("Ms. Demello") in the above-captioned action, says:

### I.     PARTIES

1.      Defendant is without knowledge and information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except to admit that its business records indicate that Campos resided at one time in Beacon, New York.

2. Defendant is without knowledge and information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except to admit that its business records indicate that Mr. Demello resided at one time in Staatsburg, New York.

3. Defendant is without knowledge and information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except to admit that its business records indicate that Ms. Demello resided at one time in Wappingers Falls, New York.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5, except to admit that it employed each plaintiff, terminated each of their employment and reinstated the employment of Mr. Demello in or about June 2007.

## II.     JURISDICTION

6. Defendant denies that it took any employment actions against plaintiffs on the basis of their race and neither admits nor denies the remaining allegations contained in paragraph 6 of the Complaint, except to state that the allegations are legal conclusions.

7. Defendant is without knowledge and information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except to admit that it received notice that Mr. Demello filed a complaint of discrimination against defendant with the New York State Division of Human Rights ("DHR") and it received a Determination and Order of Dismissal for Administrative Convenience from the DHR, dated September 14, 2007, regarding Mr. Demello's complaint. Defendant denies that it received (a)

2

notice from the Equal Employment Opportunity Commission ("EEOC") that Mr. Demello was issued a right to sue notice; (b) notice that Mr. Campos or Ms. Demello filed a complaint of discrimination with the EEOC or any administrative agency; and (c) notice that Mr. Campos or Ms. Demello received right to sue letters from the EEOC or any administrative agency.

### III.   FACTUAL AVERMENTS

8.   Defendant admits that on or about August 16, 1994, the Mearl Corporation ("Mearl"), a predecessor of BASF, rehired Mr. Campos.

9.   Defendant denies the allegations contained in paragraph 9 of the Complaint, except to admit that on or about May 30, 1989, Mearl hired Mr. Campos as a Chemical Operator, and on or about August 16, 1994, Mearl rehired Mr. Campos as a Packaging Operator.

10.   Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.   Defendant is without knowledge and information sufficient to form a reasonable belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except to admit that defendant's business records indicate that Mr. Campos exhausted his allowed sick time in 2005 and 2006, and Mr. Campos was certified for intermittent leave pursuant to the Family and Medical Leave Act from July 13, 2006 to January 20, 2007.

12.   Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.   Defendant denies the allegations contained in paragraph 13 of the Complaint, except to admit that he notified his supervisor of the machine jam who asked Mr. Campos to call maintenance.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15, except to admit that the Production Manager observed Mr. Campos inserting a metal pole into the screw conveyer and after an investigation, defendant determined that Mr. Campos had inserted a metal pole into the screw conveyor without properly locking out the equipment in violation of defendant's Lock, Tag and Try Control of Hazardous Energy Policy.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except to admit that defendant terminated Mr. Campos for misconduct and violation of defendant's OSHA-required Lock, Tag and Try Policy.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

18A. Defendant denies the allegations contained in paragraph 18A of the Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits that it terminated Mr. Demello's employment effective August 30, 2006 as a result of Mr. Demello leaving the premises without permission or notification and while on the clock and his excessive extended paid break time.

22. Defendant admits that following the decision of an arbitrator converting Mr. Demello's discharge to a suspension without pay and ordering defendant to reinstate Mr. Demello, defendant reinstated Mr. Demello. Defendant further admits that on June 11, 2007, Mr. Demello returned to work for defendant.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, except to admit that defendant's gate-pass swipe card system records from June 2, 2006 to August 18, 2006 documented multiple occasions wherein Mr. Demello extended his 15-minute authorized paid breaks or 30-minute paid lunch periods.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint, except to admit that Ms. Demello was employed by defendant or its predecessor from in or about July 1989 to June 6, 2007.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint, except to admit that from July 25, 2006 to September 5, 2006, defendant suspended Ms. Demello for poor performance and failure to follow company policy and directives which resulted in a chemical spill on July 25, 2006.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint, except to admit that Harold Jurka was not disciplined in connection with the July 25, 2006 chemical spill caused by Ms. Demello.

35. Defendant denies the allegations contained in paragraph 34 of the Complaint, except to admit that defendant terminated Ms. Demello, effective June 6, 2007, for poor performance and repeated failure to follow proper procedures.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

## IV.   CAUSES OF ACTION

40.   Defendant repeats and realleges its responses to each and every allegation contained in paragraph 1 through 39 of the Complaint as if fully set forth herein.

41.   Defendant denies the allegations contained in paragraph 41 of the Complaint and denies that plaintiffs are entitled to any of the relief requested in the Complaint.

42.   Defendant denies the allegations contained in paragraph 42 of the Complaint and denies that plaintiffs are entitled to any of the relief requested in the Complaint.

43.   Defendant denies the allegations contained in paragraph 43 of the Complaint and denies that plaintiffs are entitled to any of the relief requested in the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statute of limitations and/or the failure to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Without prejudice to any other defense, all actions taken by defendant with respect to plaintiffs were taken for legitimate, non-discriminatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

Without prejudice to any other defense, all actions taken by defendant with respect to plaintiffs were taken regardless of race, national origin or disability.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any injury as a result of the events alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer any damages attributable to the actions of defendant.

## SEVENTH AFFIRMATIVE DEFENSE

On the facts alleged, plaintiffs are not entitled to the back pay and/or front pay damages demanded in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

On the facts alleged, Mr. Campos and Ms. Demello are not entitled to reinstatement demanded in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

On the facts alleged, plaintiffs are not entitled to compensatory damages demanded in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

On the facts alleged, plaintiffs are not entitled to the attorneys' fees, costs and prejudgment interest demanded in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

On the facts alleged, plaintiffs are not entitled to the punitive damages demanded in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that plaintiffs have suffered any damages, which defendant denies, plaintiffs have failed to make reasonable efforts to mitigate their alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to use internal complaint procedures, and are therefore, barred from asserting certain claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by the doctrine of laches, waiver, estoppel and/or unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, all or some of them, are preempted by the National Labor Relations Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant's employment decisions were in accordance with the collective bargaining agreement between defendant and Local 1430 of the International Brotherhood of Electrical Workers.

WHEREFORE, defendant BASF Catalysts, LLC demands judgment in its favor and against plaintiffs Terencio Campos, Angelo Demello and Cynthia Demello dismissing the Complaint with prejudice, together with costs, attorneys' fees and such other relief as the Court may deem appropriate.

Dated:  September 26, 2007

        DAY PITNEY LLP
        Attorneys for Defendant BASF Catalysts, LLC


By:     /s/Heather Weine Brochin
        Heather Weine Brochin (HB 5533)
        Mary B. Rogers
        *(To be admitted Pro Hac Vice)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2007 a true copy of the within Answer was served upon plaintiffs' counsel by electronically filing and sending a copy in a postage-paid properly addressed wrapper sent via first class mail to plaintiffs' counsel addressed as follows:

>Michael H. Sussman
>Sussman and Watkins
>P.O. Box 1005
>Goshen, NY 10924

>\_\_\_\_/s/ Heather Weine Brochin\_\_\_\_
>Heather Weine Brochin
>(HB 5533)