USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

SUSSMAN & WATKINS
P.O. BOX 1005
GOSHEN, NY 10924
ATTORNEYS FOR PLAINTIFFS
(845) 294-3991
SUSSMAN1@FRONTIERNET.NET

DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300
ATTORNEYS FOR DEFENDANT
HBROCHIN@DAYPITNEY.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
TERENCIO CAMPOS,
ANGELO DEMELLO     &
CYNTHIA DEMELLO,

       Plaintiffs,
vs.

BASF CATALYSTS, LLC,

       Defendant.
-------------------------------------------------X

Civil Action No: 07-CV-7068 (KMK)

**STIPULATION AND PROTECTIVE ORDER**

       Plaintiffs Terencio Campos, Angelo Demello and Cynthia Demello and Defendant BASF Catalysts, LLC hereinafter referred to as "BASF," (collectively the "Parties"), by and through their respective counsel of record, hereby stipulate and agree to the following Stipulation and Protective Order in the above-captioned matter.

       1.     Documents or information produced by either party and designated in good faith as "confidential" shall be maintained in confidence by the Parties and their counsel and shall be used solely in connection with the preparation for and trial of this case and subject to the limitations set forth in this Stipulation and Protective Order.

       2.     "Confidential" documents or information, as that term is used in this Stipulation and Protective Order, means documents or information containing confidential personnel information regarding present or former BASF employees, other than plaintiffs, and

other confidential or proprietary business information of BASF, including, but not limited to, non-public product or production information, financial information, benefit plans and policy manuals.

3. The Parties and their counsel shall not intentionally provide or disclose documents designated as confidential by the other party or other confidential information to anyone other than (a) the attorneys of record in this case, and their associates, employees and agents; (b) the Parties; (c) independent experts; (d) deponents during discovery of this matter or fact witnesses during trial; (e) jurors, judges, arbitrators, and court personnel; and (f) court reporters or stenographers utilized in connection with any deposition in this litigation and their employees.

4. With respect to disclosure to independent experts under paragraph 3(c) above: (a) documents designated as confidential by defendant may be disclosed to plaintiff's experts only after such persons have been advised of the confidential nature of the information and agreed in writing to be bound by the terms of this Protective Order; and (b) documents designated as confidential by plaintiff may be disclosed to defendant's experts only after such persons have been advised of the confidential nature of the information and agreed in writing to be bound by the terms of this Protective Order. There is no limitation on plaintiff's ability to show defendant's confidential documents to defendant's expert witnesses, whether at deposition or at trial, and there is no limitation on defendant's ability to show plaintiff's confidential documents to plaintiff's expert witnesses, whether at deposition or at trial.

5. With respect to disclosure to deponents or fact witnesses under paragraph 3(d) above: (a) documents designated as confidential may be disclosed to such persons only after they have been advised of the confidential nature of the information and have agreed in

writing to be bound by the terms of this Stipulation and Protective Order; (b) provided, however, that no such writing shall be required in the event that the deponent or fact witness is a current employee of defendant or a former employee of defendant who would have had access to the confidential information during his or her employment with Schering; and (c) counsel for plaintiff and for defendant agree that they will encourage their respective deponents and fact witnesses to agree to be bound by the terms of the Stipulation and Protective Order. In the event that a deponent or fact witness refuses to agree to be bound by the terms of the Stipulation and Protective Order, counsel agree to confer in a good faith effort to resolve the issue during the deposition and to consider verbally waiving this requirement or permitting disclosure of those portions of a document that are not confidential, if reasonable to do so, during the deposition.

6. The inadvertent or unintentional disclosure of confidential information by the producing party shall not be deemed a waiver, in whole or in part, of the claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

7. Upon final disposition of this lawsuit, including exhaustion or expiration of any and all rights of appeal, all "confidential" documents and/or documents containing information designated as confidential and any copies, extracts or summaries thereof (whether in the possession, custody or control of counsel for the Parties or their authorized employees, the Parties, or independent experts) shall be returned to counsel for the producing party within fourteen (14) days or destroyed (with a letter provided by counsel confirming the destruction of all such documents and copies) and the information contained in said documents shall not be used in any other judicial or other proceeding or for any other purpose.

8.  The Parties agree to be bound by the terms of this Stipulation and Protective Order agreement pending its approval by the Court.

9.  Nothing herein shall operate as an admission by any party that any particular confidential document(s) is, or is not, admissible in evidence in this matter.

10. Notwithstanding the provisions of this Stipulation and Protective Order, any party may move pursuant to the Rules of this Court for such further relief as may be necessary or appropriate; and counsel challenging a claim of confidentiality may notify opposing counsel that they do not agree with the designation of the document or other materials as "confidential." The Parties shall then attempt to resolve this dispute without the need of intervention from the Court. If good faith efforts to resolve the dispute are unsuccessful, counsel challenging a claim of confidentiality may file a motion seeking to have the Court remove the confidential designation of these documents or other materials.

DAY PITNEY LLP
Attorneys for Defendant BASF Catalysts, LLP

By: _____
    HEATHER WEINE BROCHIN (5533)
Dated:

SUSSMAN & WATKINS
Attorneys for Plaintiffs
Terencio Campos, Angelo Demello and
Cynthia Demello

By: _____
    MICHAEL H. SUSSMAN (3497)
Dated:

SO ORDERED: _____
            HON. KENNETH M. KARAS
            United States District Judge  12/17/07

- 4 -